IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § | Case No. 4:14-CV-00539-O |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** the Plaintiffs, Fredric Russell Mance, Jr., Tracey Ambeau Hanson, Andrew Hanson, and Citizens Committee for the Right to Keep and Bear Arms, by and through undersigned counsel, and move for summary judgment. Plaintiffs are entitled to a summary judgment on each count in their complaint, as set forth in their accompanying brief.

Summary

Plaintiffs move for summary judgment, on grounds that 18 U.S.C. § 922(b)(3), which prohibits the sale of handguns by regulated dealers to individuals not residing in a selling dealer's state, violates their right to keep and bear arms under the Second Amendment. The acquisition of handguns is protected by the Second Amendment. Americans have always understood that the right to keep and bear arms must also include the right to acquire arms. The interstate handgun transfer prohibition is a novel enactment with no Framing Era antecedents. The Government thus bears the burden of proving that the Statute satisfies heightened scrutiny, that is, either strict or intermediate scrutiny.


The Statute is subject to strict scrutiny, as it strikes to the core of the Second Amendment, but even under intermediate scrutiny, it fails, because it is not properly tailored to advancing any valid governmental interest. The Government lacks an anti-circumvention interest in barring interstate sales, because the laws of various states and localities permit such sales, and because regulated dealers can be entrusted to follow local handgun laws just as they are entrusted to follow laws relating to long guns, especially where the buyer's jurisdiction requires a permit or other official authorization to acquire a handgun.

The Statute also deprives Plaintiffs of the equal protection of the laws, as it classifies them arbitrarily in the exercise of a fundamental right.

Wherefore, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants.

| | |
|---|---|
| Dated: October 17, 2014 | Respectfully submitted, |
| Alan Gura (Va. Bar No. 68842)<br>Gura & Possessky, PLLC<br>105 Oronoco Street, 305<br>Alexandria, VA 22314<br>703.835.9085/Fax 703.997.7665 | William B. Mateja (Texas Bar No. 13185350)<br>Michael D. Nammar (Texas Bar No. 24091685)<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>214.747.5070/Fax 214.747.2091 |
| By:  /s/ Alan Gura<br>      Alan Gura | By:  /s/ William B. Mateja<br>      William B. Mateja |

Certificate of Service

On October 17, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules

/s/ Alan Gura
Alan Gura