IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § | Case No. 4:14-CV-00539-O |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND BRIEF IN SUPPORT THEREOF

COME NOW the Plaintiffs, Fredric Russell Mance, Jr., Tracey Ambeau Hanson, Andrew Hanson, and Citizens Committee for the Right to Keep and Bear Arms, by and through undersigned counsel, and file their Motion for Leave to File a Second Amended Complaint.

PRELIMINARY STATEMENT

Defendants repeatedly claim that this Court cannot give Plaintiffs the complete relief they seek owing to what is essentially an alleged, technical defect in the operative complaint. Accordingly, Plaintiffs seek leave to file a Second Amended Complaint. Amending the Complaint to address this issue would not add any new theories or parties to the case. Nor would it prejudice the parties in any way or alter any of the arguments already made in the case. The pending cross-dispositive motions would not be impacted.

1

STATEMENT OF FACTS

Plaintiffs filed their initial Complaint in this case on July 14, 2014. Dkt. 1. Realizing quickly that an earlier, rather than final draft of the Complaint had been attached for submission to ECF, Plaintiffs used their one "free" amendment the next day in filing a First Amended Complaint. Dkt. 4.

The Complaint alleges that the Government violates Plaintiffs' Second Amendment rights by enforcing 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, which prohibits retail handgun sales between individuals and licensed retailers (FFLs) in states outside a consumer's state of residence. The Complaint seeks declaratory relief, as well as injunctive relief against 18 U.S.C. § 922(b)(3) and 27 CFR § 478.99, "and any derivative provision." First Am. Complaint, Dkt. 4, at 10, Prayer for Relief, ¶ 1. The Complaint also seeks "[a]ny other relief as the Court deems just and appropriate." *Id*. ¶ 5.

The Complaint acknowledges that "Title 18 U.S.C. § 922(a)(3) forbids individuals from transporting into, or receiving in their state of residence, any firearm acquired outside that state since December 16, 1968, except for firearms acquired by bequest or intestate succession, or pursuant to a purchase from a federally-licensed dealer that complies with 18 U.S.C. § 922(b)(3)." *Id*. at 3, ¶ 9.

Defendants have asserted that Plaintiffs cannot obtain complete relief, because they do not specifically challenge 18 U.S.C. § 922(a)(3). That is, even if Plaintiffs could prove that their rights are violated by 18 U.S.C. § 922(b)(3) in that consumers have a Second Amendment right to buy handguns outside their state of residence, they would not truly obtain relief, because they could not thereafter transport those handguns home under 18 U.S.C. § 922(a)(3). "[B]ecause

Plaintiffs do not challenge Section 922(a)(3), even a favorable ruling would not be likely to redress the Hanson Plaintiffs' alleged injuries; Section 922(a)(3) would still prohibit them from transporting a firearm purchased in Texas into Washington, D.C." Def. Br., Dkt. 16, at 13 (citations omitted); Def. Br., Dkt. 28, at 14-16.[1]

ARGUMENT

Plaintiffs do not agree that a separate challenge to Section 922(a)(3) is strictly necessary. To be sure, challenging this provision would add nothing to the case in terms of parties or theories. For its part, the Government has argued that Section 922(b)(3) "works in tandem with §§ 922(a)(1)-(5) to prohibit the interstate transfer of firearms other than rifles and shotguns except through federal firearms licensees ('FFLs')," as part of a "comprehensive framework." Def. Br., Dkt. 16, at 3. The Government's defense rests on a theory that Congress has an anti-circumvention interest, and can impose residency restrictions.

But while Plaintiffs do not believe that challenging Section 922(a)(3) is strictly necessary, neither is there any reason to argue over it. Plaintiffs would prefer satisfying the Government's demands and avert subjecting any potential judgment to future jurisdictional attacks. The dispute over Section 922(a)(3) is one not worth having.

There being no prejudice that could accrue to any party, nor any delay—the posture of the current cross-dispositive motions would be unaltered, but for Defendants' argument that the Complaint is technically deficient in this respect—Plaintiffs respectfully seek leave to file a Second Amended Complaint that adds a simple challenge to the enforcement of Section

---

[1] The Hansons could travel throughout the United States with Texas-purchased handguns, and not violate 18 U.S.C. § 922(a)(3) unless they entered the District of Columbia.

922(a)(3) in cases where consumers purchase handguns in the regulated market from FFLs. That is, if the Plaintiffs obtain relief allowing them to purchase handguns across state lines, they might then also take those handguns home, rather than just drive around the country with them.

> Rule 15(a) requires a trial court to grant leave to amend "freely," and the language of this rule evinces a bias in favor of granting leave to amend. A district court must possess a substantial reason to deny a request for leave to amend, but leave to amend is by no means automatic.

*Jones* v. *Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations and internal punctuation omitted). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury* v. *Cardinal Health, Inc*., 625 F.3d 262, 270 (5th Cir. 2010).

There is no undue delay here. The motion comes upon having duly reflected upon the Government's claims, and no answer has yet been filed by the Government, which takes no position on the motion. While the parties have extensively briefed the constitutional issues raised in the case, adding references to Section 922(a)(3) as it applies only to the circumstances already presented in the case does not alter any of these arguments. Plaintiffs have never raised a generalized challenge to Section 922(a)(3) and do not propose doing so now. Because allowing a Second Amended Complaint would not prevent the Court from construing the currently pending motions as applying to the proposed amended complaint, no delay should accrue. The amendment is not proposed in bad faith. It is proposed to address and resolve the Defendants' objections. Moreover, the amendment is not futile. Even if ultimately unnecessary, it would at

least save this and future courts from having to address Defendants' redressability objections, by resolving them at the pleading stage.

The parties may not agree on much in this case. But Plaintiffs are happy to resolve the Government's redressability objections.

## Conclusion

Wherefore, Plaintiffs respectfully request that they be granted leave to file their Second Amended Complaint, and that the Second Amended Complaint presented here be deemed filed.

Dated: November 24, 2014                Respectfully submitted,

| | |
|---|---|
| Alan Gura (Va. Bar No. 68842) | William B. Mateja (Texas Bar No. 13185350) |
| Gura & Possessky, PLLC | Michael D. Nammar (Texas Bar No. 24091685) |
| 105 Oronoco Street, 305 | Fish & Richardson, P.C. |
| Alexandria, VA 22314 | 1717 Main Street, Suite 5000 |
| 703.835.9085/Fax 703.997.7665 | Dallas, TX 75201 |
| | 214.747.5070/Fax 214.747.2091 |

By:  /s/ Alan Gura                  By:  /s/ William B. Mateja
     Alan Gura                           William B. Mateja

CERTIFICATE OF CONFERENCE

On November 24, 2014, counsel for the parties met and conferred via telephone and email to discuss Plaintiffs' motion for leave to amend. Counsel for Defendants, Daniel Riess, stated via email that Defendants take no position with respect to the motion.

CERTIFICATE OF SERVICE

On November 24, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) or the local rules.

/s/ Alan Gura
Alan Gura