IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR. et al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:14-cv-539-O |
| ERIC H. HOLDER, JR. and B. TODD JONES, | § § § § | |
| Defendants. | § § § | |

# ORDER

Before the Court is Defendants' Motion for Sixty-Day Stay (ECF No. 42), filed February 13, 2015; Plaintiffs' Opposition to Defendants' Motion for Stay (ECF No. 44), filed February 19, 2015; and Defendants' Reply (ECF No. 46), filed February 25, 2014. Having considered the motion, the briefing, and the applicable law, the Court finds that the motion should be and is hereby **DENIED**.

On February 11, 2015, this Court entered its Memorandum Opinion and Order and Final Judgment, granting Plaintiffs' Motion for Summary Judgment and declaring that the federal interstate handgun transfer ban was unconstitutional. *See* Mem. Op. & Order, Feb. 11, 2015, ECF No. 40; Final J., ECF No. 41. On February 13, 2015, Defendants moved the Court for a sixty-day stay to give Defendants time to determine whether to appeal the Court's Order. Defs.' Mot. Stay, ECF No. 42; *see also* 28 U.S.C. § 2107(b) (allowing sixty days for filing a notice of appeal when the federal government is a party).

While an appeal is pending from a final judgment that grants an injunction, the Court may

suspend that injunction. *See* Fed. R. Civ. P. 62(c). Here, there is no appeal pending. *See* Defs.' Mot. Stay, ECF No. 42. Instead, Defendants ask the Court to issue a stay "pursuant to the Court's inherent authority to manage its docket, which includes the authority to issue a stay of proceedings." Defs.' Reply Mot. Stay 2, ECF No. 46. The burden of proof for a motion to stay is on the movant to demonstrate that the issuance of a stay is warranted. *Bray v. Fort Dearborn Life Ins. Co.*, No. 3:06-cv-560-B, 2008 WL 1820594 at *3 (N.D. Tex. Apr. 23, 2009) (Boyle, J.). Although Defendants' Motion does not trigger Federal Rule of Civil Procedure 62(c), the Court finds that the factors for consideration under Rule 62(c) are instructive. Those factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at *2.

Here, Defendants argue that the grant of a stay will not unduly prejudice Plaintiffs because Plaintiffs never sought preliminary injunctive relief in this case. Defs.' Mot. Stay 1, ECF No. 42. Defendants offer no other reasons for the Court to grant their motion. A stay is an extraordinary remedy which should be issued sparingly. *See Bray*, 2008 WL 1820594 at *3. Accordingly, the Court finds that a stay is not warranted in the instant action. Should Defendants decide to appeal, they may move this Court to stay its Order pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.

Based on the foregoing, it is **ORDERED** that Defendants' Motion for Sixty-Day Stay (ECF No. 42) is **DENIED**.

**SO ORDERED** on this **26th day** of **February, 2015.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE